WILLIAM HADSELL & another *vs.* INHABITANTS OF HANCOCK.

Under this article in a warrant for a town meeting, " To see if the town will determine to build a town house, and raise and appropriate money for the same," the town are authorized to vote to build a town house out of the materials of an old meeting-house given to them by a resolution of the proprietors thereof; and to appoint a committee to take down the meeting-house, procure a suitable site for a town house, and superintend the erection of the same; and to vote to indemnify the committee against any claim of any proprietor of the meeting-house.

A vote of a town to indemnify their three selectmen against any claim for damages and costs of a certain description, which may be legally substantiated against them or either of them, will support a joint action against the town by two of the selectmen, without joining the third, to recover the amount of a judgment for such damages and costs recovered in an action against the two, and paid by one of them, and also the reasonable expenses of defending the action, paid and incurred by the two separately.

On a vote of a town to indemnify their selectmen against any claim for damages and costs

of a certain description which may be legally substantiated against them, the selectmen may maintain an action against the town to recover the amount of a judgment rendered against them for such damages and costs, and the fees of counsel and witnesses, and other expenses, incurred reasonably and in good faith in defending the action in which the judgment was recovered, without proving that the town had notice of the pendency of that action.

ACTION OF CONTRACT, brought by William Hadsell and Benjamin T. Whitman, to recover the amount of expenses incurred by them, as selectmen and committee of the town of Hancock, by taking down a meeting-house in that town.

At the trial in the court of common pleas, before *Hoar*, J. the plaintiffs proved, by the records of the town of Hancock, that the warrant calling the annual meeting of the town, which was held in April 1850, contained the following article: " To see if the town will determine to build a town house, or provide a house or place in which the town may meet at all times for the transaction of town business, and raise and appropriate money for the same ; " and that the town, at said meeting, " *Voted*, to build a town house: " " *Voted*, to accept the old meeting-house in said town, according to terms contained in a certain resolution of the proprietors," (copied in the record,) which terms were, a condition that the town should within six months " remove the same from its present site, and out of the materials thereof, construct a town house to be located in, or as near the village in said town as a suitable site can be procured for the same : " " Chose by vote the selectmen, viz. William Hadsell, Jason White and Benjamin T. Whitman, a committee to take down and remove the old meeting-house, procure a suitable site for a town house, and superintend the building of the same thereon, so as to comply with the conditions expressed in the foregoing resolution of the proprietors of said old meeting-house." " *Voted*, to indemnify the selectmen, as the building committee of the town house, against any claim for damages or costs which any proprietor of the meeting-house may legally substantiate against them or either of them, or any agent acting properly under their authority." The defendants objected that these votes were not authorized by the article in the warrant. But the judge overruled the objection.

The amount sought to be recovered in this action consisted of a judgment for damages and costs recovered by Joshua Gorton a proprietor of a pew in said meeting-house, in an action of trespass brought against the plaintiffs and a contractor employed by them, for tearing down his pew, and of the fees paid to counsel and witnesses, and of compensation for the time and personal services of the plaintiffs, in defending that action. It appeared that the judgment and a portion of said fees was paid by Hadsell, and the remainder of said fees by the other plaintiff. The defendants contended that, the payments made and services rendered by the plaintiffs having been several, they could not join in this action. But the judge ruled that the plaintiffs, having been jointly sued, and having jointly incurred the expenses of defending Gorton's suit, might join in this action.

The defendants then contended that the power conferred on the plaintiffs, as well as the vote to indemnify them, concerned them jointly with Jason White, and that they could not maintain this action without joining White as a plaintiff. But the judge ruled otherwise.

It appeared that the defendants had no notice of the bringing or pendency of the suit of Gorton against the plaintiffs, (unless it could be inferred from the facts above stated, which the judge ruled it could not be,) and the defendants. for that reason, contended that if they were liable to the plaintiffs for any sum thus recovered by Gorton, (which they denied,) they were not liable for the costs recovered by Gorton, nor for any part of the other costs and expenses incurred by the plaintiffs in defending that suit. But the judge instructed the jury that, notwithstanding the defendants had no notice of the pendency of Gorton's suit, they would be liable for the costs and expenses and counsel fees incurred and paid in defending that suit, if it was reasonable and proper to defend it, and the expenses incurred were reasonable and necessary, and incurred in good faith.

The jury returned a verdict for the plaintiffs; and the defendants alleged exceptions.

*I. Sumner & H. L. Dawes,* for the defendants. 1. There was nothing in the warrant to authorize the votes of the town under which the plaintiffs acted. *Torrey* v. *Millbury,* 21 Pick. 68.

2. The plaintiffs cannot join in this action; their payments and services having been several. *Doremus* v. *Selden*, 19 Johns. 213. *Gould* v. *Gould*, 8 Cow. 168, and 6 Wend. 263. *Graham* v. *Green*, 4 Hayw. 188. *Williams* v. *Alley*, Cooke, 257. *Nelson* v. *Milford*, 7 Pick. 18. *Boggs* v. *Curtin*, 10 S. & R. 211. *Wright* v. *Post*, 3 Conn. 142. *Pearson* v. *Parker*, 3 N. H. 366. 1 Parsons on Con. 21. 1 Chit. Pl. (6th Amer. ed.) 9.

3. But if the plaintiffs were right in suing jointly, the omission to join Jason White, the third selectman, is fatal. *Lee* v. *Gibbons*, 14 S. & R. 111. *Ulmer* v. *Cunningham*, 2 Greenl. 118, 119. *Bird* v. *Washburn*, 10 Pick. 223. 2 U. S. Dig. Joinder, 1.

4. If the plaintiffs were duly appointed agents of the town, still the town, for want of actual notice of the pendency of the suit, is not liable, especially for the costs and the plaintiffs' personal expenses. *Chase* v. *Hathaway*, 14 Mass. 222. *Scott* v. *Dickinson*, 14 Pick. 276. *Slasson* v. *Brown*, 20 Pick. 436. *Lewis* v. *Peake*, 7 Taunt. 153. 2 Parsons on Con. 441, 442, 487.

*J. D. Colt*, for the plaintiffs. 1. The subject matter of the vote was incident to the business, stated in the warrant, of " building a town house, or providing a place in which the town may meet." Rev Sts. *c.* 15, §§ 21, 22. *Avery* v. *Stewart*, 1 Cush. 502. *Torrey* v. *Millbury*, 21 Pick. 64. *Blackburn* v. *Walpole*, 9 Pick. 97. *Alden* v. *Rounseville*, 7 Met. 218. *Haven* v. *Lowell*, 5 Met. 35.

2. This action is well brought by the two plaintiffs jointly without joining the other selectman; because it is authorized by the true construction of the contract of indemnity, as applied to the subject matter; and also because the legal interest in the contract is vested in the plaintiffs jointly. 1 Chit. Pl. 3. *Shearman* v. *Akins*, 4 Pick. 291. *Osborne* v. *Harper*, 5 East, 225. 1 Sound. 153, *note*. *Gage* v. *Rollins*, 10 Met. 348.

3. The form of the contract of indemnity obviates the necessity of notice; as it contemplates the defence of the suit by these plaintiffs, until the claim should be " legally substantiated." And it is found by the jury that the defence of the suit and the expenses incurred were reasonable. The plaintiffs are entitled to recover, as part of the damages in this action, the costs of the

suit against them, the amount of their own expenses and of the fees of counsel and witnesses. Sedgwick on Damages, (2d ed.) 327–331. Chit. Con. (8th Amer. ed.) 505. *Duffield* v. *Scott*, 3 T. R. 377. *Smith* v. *Compton*, 3 B. & Ad. 407. *Chase* v. *Hinman*, 8 Wend. 452. *Holmes* v. *Williamson*, 6 M. & S. 158. *Adamson* v. *Jarvis*, 4 Bing. 66.

THOMAS, J. No question is made as to the power of towns to indemnify their officers and agents against liabilities incurred in the *bona fide* discharge of their duties. But the first objection to the maintenance of the action is that the vote of the town, authorizing the acts done by the plaintiffs, and indemnifying them against any liability thereby incurred, was illegal, because there was no sufficient article for the purpose in the warrant calling the town meeting. We cannot but think otherwise. The article in the warrant is quite full and explicit, and the votes passed within its fair scope. It is, in effect, to see if the town will build a town house, or provide a house for town purposes, and raise money therefor. The choice of a committee or agents to do the work or cause it to be done was a usual and necessary incident to the main purpose expressed; as a town must act ordinarily through agents or committees. The vote to indemnify those agents was only doing what, in carrying out the subject matter of the warrant, the town had a well settled and well known right to do.

2. The second objection is, that the plaintiffs cannot maintain a joint action. The vote was to indemnify the selectmen, or either of them. The action against the plaintiffs was a joint action, the judgment joint. The fact that payments were made by the plaintiffs separately is not material, both being equally liable.

3. Nor can the objection prevail, that it was necessary to include as plaintiff the third selectman. There is nothing to show that he was ever sued by any proprietor, or ever incurred any loss or damage. The vote was "to indemnify the selectmen, as the building committee of the town house, against any claim for damages which any proprietor of the meeting-house may legally substantiate against them or either of them or any agent

acting properly under their authority." Whether the other select-man acted or not, the proprietor might sue for the trespass of one or more, as he pleased; as a trespasser could not plead in abatement that his co-trespassers were not joined. But it is only those against whom claims have been legally substantiated by a proprietor that can sue for indemnity.

4. The fourth objection is, that no actual notice was given to the town of the pendency of the action. We think the answer of the plaintiffs to this objection is decisive. The vote of indemnity itself obviates the necessity of notice. It contemplates the defence of suits, that should be brought, till they were legally substantiated.

Nor does such want of actual notice prevent the plaintiffs from recovering the costs and expenses incurred in defending the suit against them. It was in fact a suit to determine the rights of the town. The vote of the town contemplated and authorized the defence, and it is found by the jury that the defence was reasonable and proper, and the expenses reasonable and incurred in good faith. *Exceptions overruled.*